**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHAD DILLON SANDRY,**<br>          **Plaintiff,**<br>    **v.**<br>**FIRST FRANKLIN FINANCIAL CORP., et al.,**<br>          **Defendants.** | **1:10-cv-01923-OWW-SKO**<br><br>**MEMORANDUM DECISION REGARDING DEFENDANTS' MOTION TO DISMISS (Doc. 7).** |

### I. INTRODUCTION.

Plaintiff Chad Dillon Sandry ("Plaintiff") proceeds with an action for damages and injunctive relief. Plaintiff filed a complaint in California Superior Court on September 17, 2010, and Defendants removed the action to federal court on October 14, 2010. (Doc. 1).

Defendants First Franklin Financial Corp., Home Loan Services, Inc., and Mortgage Electronic Registration Systems, Inc. ("Defendants") filed a motion to dismiss the complaint on October 21, 2010. (Docs. 7, 8). Defendants also filed a motion to strike portions of the complaint and a request for judicial notice. (Docs. 9, 10, 11).

Plaintiff filed opposition to Defendants' motions on November 22, 2010. (Docs. 12, 13). Defendants filed replies to Plaintiff's

1  opposition on November 29, 2010.  (Docs. 14, 15).

## II. **FACTUAL BACKGROUND**.

This action arises out of a loan Plaintiff's obtained for the purchase of their home in or about 2007("subject loan"). (Comp. at 9).  Defendant First Franklin Financial Corp. ("FFFC") was identified as the lender under a promissory note and Deed of Trust for the subject loan. (Comp. at 2).  FFFC was also the servicer of the subject loan.  (Comp. at 2).  Defendant Loan Review Incorporated ("LRI") was Plaintiff's mortgage broker for the subject loan.  (Comp. at 2).

In 2007, Plaintiffs met with David Hoggett, an employee of LRI. (Comp. at 9). According to the complaint, Hogget submitted a loan application to FFFC that inflated the property value by $95,000, pursuant to an agreement between FFFC and LRI whereby FFFC would accept applications containing false information. (Comp. at 9). "Defendants" also failed to verify Plaintiffs' income. (Comp. at 10).  FFFC paid LRI for leading Plaintiffs into a loan for which they did not qualify. (Comp. at 9). The complaint alleges that FFFC and LRI knew that their conduct could cause Plaintiffs to lose their home through foreclosure. (Comp. at 9).

"Defendants" told Plaintiffs that the subject loan was in Plaintiffs' "best interests," but knew that it was not. (Comp. at 10).  Plaintiffs placed trust and confidence in "Defendants." (Comp. at 10).  The full terms of the loan were not explained to Plaintiffs, Plaintiffs were not given time to review the loan documents, and Plaintiffs could not understand any of the documents they signed.  (Comp. at 10).  Plaintiffs were charged a much greater interest rate than promised, and "Defendants" concealed

from Plaintiffs that the loan was designed to cause negative amortization to occur and included a stiff prepayment penalty. (Comp. at 19).

### III. **LEGAL STANDARD**.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it

lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

### IV. DISCUSSION.

**A. First Cause of Action: Fraud**

Plaintiffs first cause of action is for fraud against FFFC and LRI only. Federal Rule of Civil Procedure 9(b) imposes an elevated pleading standard with respect to fraud claims. Rule 9(b) provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

**4**

1  "To comply with Rule 9(b), allegations of fraud must be specific
2  enough to give defendants notice of the particular misconduct which
3  is alleged to constitute the fraud." *Swartz v. KPMG LLP*, 476 F.3d
4  756, 764 (9th Cir. 2007) (internal quotation marks omitted).
5  Allegations of fraud must include the "time, place, and specific
6  content of the false representations as well as the identities of
7  the parties to the misrepresentations." *Id.* (internal quotation
8  marks omitted). The "[a]verments of fraud must be accompanied by
9  the who, what, when, where, and how of the misconduct charged."
10 *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)
11 (internal quotation marks omitted). A plaintiff alleging fraud
12 "must set forth more than the neutral facts necessary to identify
13 the transaction. The plaintiff must set forth what is false or
14 misleading about a statement, and why it is false." *Vess v.
15 Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

16      The complaint fails to satisfy Rule 9(b)'s particularity
17 requirement.  The only allegations contained in the complaint that
18 approach compliance with Rule 9 concern allegedly false
19 representations made by Hogget, however, the complaint does not
20 contain sufficient factual allegations to permit Hogget's
21 statements to be attributed to Defendants.  According to the
22 complaint, Hogget was an employee of LRI, and LRI was *Plaitniffs'*
23 mortgage broker, not the agent of the lender.

24      Plaintiffs' opposition to the motion to dismiss contends that
25 Hoggett was an agent of each Defendant named in the complaint.
26 (Opposition at 3-4).  The complaint does not allege facts
27 sufficient to support Plaintiffs' conclusory allegation of agency.
28 An agency relationship exists where a principal authorizes an agent

**5**

to represent and bind the principal. *See* Cal. Civ. Code § 2295. California law provides that an agency is either actual or ostensible. Cal. Civ. Code § 2298. "An agency is actual when the agent is really employed by the principal." Cal. Civ. Code § 2299. "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." Cal. Civ. Code § 2300. Because a mortgage loan broker is customarily retained by a borrower, generally, a mortgage broker is the borrower's agent. *See, e.g., Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773, 782 (Cal. 1979). The complaint fails to allege facts sufficient to support an inference that Hogget was an agent of FFFC.

Plaintiff's fraud cause of action against Defendant's does not meet Rule 9's particularity requirement and is DISMISSED, without prejudice. As the complaint is factually deficient, analysis of Defendants' statute of limitations argument is unnecessary.

**B. Second Cause of Action: Constructive Fraud**

The second cause of action is for constructive fraud. Constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or anyone claiming under him, by misleading another to his prejudice, or to the prejudice of anyone claiming under him." *Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 981 n. 13 (Cal. 1997).[1] "Constructive fraud allows conduct insufficient

---

[1] *Engalla* suggests that, in some circumstances, constructive fraud may be applicable outside the context of a fiduciary relationship. *See id.* ("[constructive fraud] is *generally* asserted against a fiduciary by one to whom a fiduciary duty is owed) (emphasis added). As Plaintiffs do not oppose Defendants' contention that the constructive fraud claim must be dismissed because no fiduciary relationship is asserted, the court need not speculate on

**6**

to constitute actual fraud to be treated as such where the parties stand in a fiduciary relationship." *Id.*

The complaint does not contain facts sufficient to allege that either FFFC, HLI, or MERS owed Plaintiff a fiduciary duty. "[A]bsent special circumstances...a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." *E.g. Oaks Management Corporation v. Superior Court* 145 Cal. App. 4th 453, 466 (Cal. Ct. App. 2006). Plaintiffs' opposition does not dispute Defendants contention that the claim for constructive fraud should be dismissed because the complaint does not allege facts sufficient to support the existence of a fiduciary relationship between Plaintiffs and Defendants. The constructive fraud claim is DISMISSED, without prejudice.

**C. Third Cause of Action: Conspiracy to Defraud**

The third cause of action alleges conspiracy to defraud Plaintiffs. There is no stand alone cause of action for civil conspiracy recognized by California law. *E.g. Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal.4th 623, 632 (Cal. 2007). Allegations of conspiracy must be pled with particularity. Fed. R. Civ. P. 9(b). The conclusory allegations of conspiracy advanced in the complaint are insufficient under Rule 9(b). Plaintiffs' opposition does not suggest that the conspiracy claim is sufficient. Plaintiffs' conspiracy claim is DISMISSED, without prejudice.

**D. Fourth Cause of Action: Negligence**

Plaintiff's fourth cause of action is for negligence against FFFC and LRI only. To prevail in an action for negligence, the

---

the meaning of the California Supreme Court's suggestion in *Engalla*.

**7**

plaintiff must demonstrate that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injuries. *E.g. Wiener v. Southcoast Childcare Centers, Inc.*, 32 Cal. 4th 1138, 1145 (2004). As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. *E.g. Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (Cal. Ct. App. 1991).

Plaintiffs contend that the complaint establishes that FFFC owed Plaintiffs a duty of care for two reasons: (1) FFFC acted beyond the traditional scope of a mere lender; and (2) FFFC and Plaintiffs were in a "special relationship" under the six-part test established in *Nymark*. Id. at 1098.

Plaintiffs argue that FFFC acted beyond the traditional scope of a lender because FFFC knowingly accepted an overstatement of Plaintiffs' income. Plaintiffs cite no legal authority for this proposition, and the complaint does not allege facts to support the allegation that FFFC had reason to know that Plaintiffs' loan application contained false information. Further, accepting Plaintiffs' vague, conclusory allegation as true, the complaint is deficient because it fails to allege how FFFC's acceptance of the income figures *Plainitffs* provided in their loan application could possibly be the proximate cause of any injury to Plaintiffs.

Plaintiffs' invocation of the six-part *Nymark* test is predicated on Plaintiffs' contentions that Defendants forced Plaintiffs into the subject loan, which knowingly placed Plaintiffs into a loan that was destined to fail, and "fraudulently enticed

**8**

[Plaintiffs] to enter into a loan Defendants knew they could not repay." (Opposition at 7). In *Nymark*, the California Supreme Court suggested that where a lender intends to induce a prospective borrower into a loan by obtaining an appraisal of the borrower's property, or to assure the borrower that her collateral is sound, a duty of care may be imposed. 231 Cal. App. 3d at 1096. Assuming *arguendo* that the conduct Plaintiffs complain of can support a special relationship under *Nymark*, the complaint's conclusory allegations of fraud, conspiracy, and agency are insufficient to properly allege any such conduct on behalf of FFFC. Plaintiffs' negligence claim is DISMISSED, without prejudice.

**E. Fifth Cause of Action: UCL Claims**

The fifth cause of action asserted in the complaint is for violation of California's Unfair Competition Law (UCL). Plaintiffs' opposition asserts the following basis for the UCL claim: (1) Defendants violated the law by acting negligently, breaching their fiduciary duty, and engaging in fraud; (2) Defendants' agent, Hoggett, engaged in a scheme designed to deceive the public by assuring borrowers that the loans he was extending were the "best available on the market." (Opposition at 11). The complaint does not contain the factual allegations necessary to sustain any of the purported bases for Plaintiffs UCL claim against either FFFC, HLS, or MERS. Plaintiffs' UCL claim is DISMISSED, without prejudice.

**F. Sixth Cause of Action: California Civil Code section 2923.5**

Plaintiffs' sixth cause of action is for violation of California Civil Code section 2923.5. The basis for Plaitniffs' claim is that "Plaintiffs were never contacted...to assess their

9

financial situation and explore options to avoid foreclosure prior to the date of the Notice of Default's filing." (Opposition at 12). However, the complaint fails to allege that a notice of default was issued. Plaintiffs' claim under section 2923.5 is DISMISSED, without prejudice.

**G. Seventh Cause of Action: TILA**

The seventh cause of action asserts violations of TILA. Plaintiffs opposition does not contest Defendants' contention that Plaintiffs' TILA claims must be dismissed because, among other alleged deficiencies, the claims are time-barred. The absence of opposition justifies the inference the claim is without merit. Plaintiffs' TILA claims are DISMISSED, without prejudice.

**H. Eighth Cause of Action: RESPA**

The eighth cause of action asserts violations of RESPA. Plaintiffs opposition does not contest Defendants' contention that Plaintiffs' RESPA claims must be dismissed because, among other alleged deficiencies, the claims are time-barred. Plaintiffs' RESPA claims are DISMISSED, without prejudice.

**I. Ninth Cause of Action: Rescission and Restitution**

The ninth cause of action asserts claims for rescission and restitution. Plaintiff must offer to tender the unpaid loan balance. Plaintiffs opposition does not contest Defendants' contention that Plaintiffs' claims must be dismissed because, among other alleged deficiencies, the claims are time-barred. Plaintiffs' rescission and restitution claims are DISMISSED, without prejudice.

///

**J. Tenth Cause of Action: Injunctive and Declaratory Relief**

The basis for Plaintiffs' tenth cause of action is the discredited legal theory that only the holder of the note may initiate a foreclosure action. (Comp. at 30-32). The complaint advances no cognizable legal theory sufficient to support any claim for declaratory or injunctive relief. The tenth cause of action is DISMISSED, without prejudice.

**ORDER**

For reasons stated, IT IS ORDERED:

1) Plaintiffs' complaint is DISMISSED in its entirety, without prejudice;

2) Defendants' Motion to Strike (Doc. 9) is MOOT;

3) Plaintiff shall file an amended complaint within fifteen (15) days of service of the Memorandum Decision. Defendants shall filed a response within ten (10) days of service of the amended complaint; and

4) Defendants shall submit a form of order consistent with this Memorandum Decision within five (5) days following electronic service of this decision.

IT IS SO ORDERED.

**Dated:　December 10, 2010**　　　　　／s/ Oliver W. Wanger
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE