1   **Stuart B. Wolfe (SBN 156471)**
    **Kimberly A. Paese (SBN 258594)**
2   **kapaese@wolfewyman.com**
    **WOLFE & WYMAN LLP**
3   **2175 N. California Blvd., Suite 645**
    **Walnut Creek, California 94596-3502**
4   **Telephone:  (925) 280-0004**
    **Facsimile:  (925) 280-0005**

5

6   **Attorneys for Defendants**
    **FIRST FRANKLIN FINANCIAL CORPORATION;**
    **HOME LOAN SERVICES, INC. (sued erroneously as**
7   **"Home Loan, Inc. dba First Franklin Loan Services"); and**
    **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

8

9   **UNITED STATES DISTRICT COURT**

10  **EASTERN DISTRICT OF CALIFORNIA**

11  **FRESNO DIVISION**

12  CHAD DILLON SANDRY and MELANIE
    ELIZABETH SEASHOLTZ,

13              Plaintiffs,

14      v.

15

16  FIRST FRANKLIN FINANCIAL CORP., an
    operational subsidiary of MLB & T Co., FSB;
    MORTGAGE ELECTRONIC REGISTRATION
17  SYSTEMS, INC.; HOME LOAN, INC., dba FIRST
    FRANKLIN LOAN SERVICES; LOAN REVIEW
18  INCORPORATED; and DOES 1 through 50,
    inclusive,

19

20              Defendants.

Case No.:  1:10-cv-01923-OWW-SKO

Assigned to the Honorable Oliver W. Wanger

**ORDER RE MOTION TO DISMISS**
**PLAINTIFFS' COMPLAINT BY**
**DEFENDANTS FIRST FRANKLIN**
**FINANCIAL CORPORATION, HOME**
**LOAN SERVICES, INC. AND**
**MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEMS, INC.**

Date:   December 6, 2010
Time:   10:00 a.m.
Ctrm:   3

21

22          The Motion to Dismiss by defendants FIRST FRANKLIN FINANCIAL CORPORATION,

23  HOME LOAN SERVICES, INC. (sued erroneously as "Home Loan, Inc. dba First Franklin Loan

24  Services"), and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (collectively

25  hereinafter as "Defendants") the Complaint filed by Plaintiffs CHAD DILLON SANDRY and

26  MELANIE ELIZABETH SEASHLOTZ ("Plaintiffs") came on regularly for hearing on December 6,

27  2010, at 10:00 a.m., in Courtroom 3 of the above-entitled Court.  All appearances are noted on the

28  record.

*WOLFE & WYMAN LLP*
*Attorneys & Counselors At Law*

PDF created with pdfFactory trial version www.pdffactory.com

1    The Court, having read and considered the moving and opposing papers filed in this matter,

2  as well as the oral argument of counsel, being fully advised, and good cause appearing, finds as

3  follows:

4  **I.   INTRODUCTION**

5    Plaintiff Chad Dillon Sandry ("Plaintiff") proceeds with an action for damages and injunctive

6  relief.  Plaintiff filed a complaint in California Superior Court on September 17, 2010, and

7  Defendants removed the action to federal court on October 14, 2010.  (Doc. 1).

8    Defendants First Franklin Financial Corp., Home Loan Services, Inc., and Mortgage

9  Electronic Registration Systems, Inc. ("Defendants") filed a motion to dismiss the complaint on

10  October 21, 2010.  (Docs. 7, 8).  Defendants also filed a motion to strike portions of the complaint

11  and a request for judicial notice.  (Docs. 9, 10, 11).

12    Plaintiff filed opposition to Defendants' motions on November

13  22, 2010.  (Docs. 12, 13).  Defendants filed replies to Plaintiff's opposition on November 29, 2010.

14  (Docs. 14, 15).

15  **II.   FACTUAL BACKGROUND**

16    This action arises out of a loan Plaintiff's obtained for the purchase of their home in or about

17  2007("subject loan").  (Comp. at 9).  Defendant First Franklin Financial Corp. ("FFFC") was

18  identified as the lender under a promissory note and Deed of Trust for the subject loan.  (Comp. at

19  2).  FFFC was also the servicer of the subject loan.  (Comp. at 2).  Defendant Loan Review

20  Incorporated ("LRI") was Plaintiff's mortgage broker for the subject loan.  (Comp. at 2).

21    In 2007, Plaintiffs met with David Hoggett, an employee of LRI.  (Comp. at 9).  According

22  to the complaint, Hogget submitted a loan application to FFFC that inflated the property value by

23  $95,000, pursuant to an agreement between FFFC and LRI whereby FFFC would accept applications

24  containing false information.  (Comp. at 9).

25    "Defendants" also failed to verify Plaintiffs' income.  (Comp. at 10).  FFFC paid LRI for

26  leading Plaintiffs into a loan for which they did not qualify.  (Comp. at 9).  The complaint alleges

27  that FFFC and LRI knew that their conduct could cause Plaintiffs to lose their home through

28  foreclosure.  (Comp. at 9).  "Defendants" told Plaintiffs that the subject loan was in Plaintiffs' "best

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

2

PDF created with pdfFactory trial version www.pdffactory.com

1  interests," but knew that it was not.  (Comp. at 10).  Plaintiffs placed trust and confidence in

2  "Defendants."  (Comp. at 10).  The full terms of the loan were not explained to Plaintiffs, Plaintiffs

3  were not given time to review the loan documents, and Plaintiffs could not understand any of the

4  documents they signed.  (Comp. at 10).  Plaintiffs were charged a much greater interest rate than

5  promised, and "Defendants" concealed from Plaintiffs that the loan was designed to cause negative

6  amortization to occur and included a stiff prepayment penalty.

7  (Comp. at 19).

8  **III.    LEGAL STANDARD**

9        Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to

10  support a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

11  Cir.1990).  To sufficiently state a claim to relief and survive a 12(b) (6) motion, the pleading "does

12  not need detailed factual allegations" but the "[f]actual allegations must be enough to raise

13  a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127

14  S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Mere "labels and conclusions" or a "formulaic recitation of the

15  elements of a cause of action will not do."  *Id.* Rather, there must be "enough facts to state a claim to

16  relief that is plausible on its face."  *Id.* at 570.  In other words, the "complaint must contain

17  sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

18  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal

19  quotation marks omitted).

20        The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as

21  follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content,

22  and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

23  plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation

24  marks omitted).  Apart from factual insufficiency, a complaint is also subject to dismissal under Rule

25  12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or  where the

26  allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S.

27  199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

28  ///

**WOLFE & WYMAN LLP**
Attorneys & Counselors At Law

3

G:\docs\RGaumnitz\Orders to be signed\10cv1923.o.mtd.doc

PDF created with pdfFactory trial version www.pdffactory.com

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

## IV.   DISCUSSION

### A.   First Cause of Action: Fraud

Plaintiffs' first cause of action is for fraud against FFFC and LRI only. Federal Rule of Civil Procedure 9(b) imposes an elevated pleading standard with respect to fraud claims. Rule 9(b) provides: In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

"To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted). Allegations of fraud must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Id*. (internal quotation marks omitted). The "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted). A plaintiff alleging fraud "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

4

PDF created with pdfFactory trial version www.pdffactory.com

1   Cir. 2003).

2       The complaint fails to satisfy Rule 9(b)'s particularity requirement.  The only allegations

3   contained in the complaint that approach compliance with Rule 9 concern allegedly false

4   representations made by Hogget, however, the complaint does not contain sufficient factual

5   allegations to permit Hogget's statements to be attributed to Defendants.  According to the

6   complaint, Hogget was an employee of LRI, and LRI was *Plaintiffs'* mortgage broker, not the agent

7   of the lender.

8       Plaintiffs' opposition to the motion to dismiss contends that Hoggett was an agent of each

9   Defendant named in the complaint.  (Opposition at 3-4).  The complaint does not allege facts

10  sufficient to support Plaintiffs' conclusory allegation of agency.  An agency relationship exists

11  where a principal authorizes an agent *Engalla* suggests that, in some circumstances, constructive

12  fraud may be applicable outside the context of a fiduciary relationship.  *See id.*  ("[constructive

13  fraud] is *generally* asserted against a fiduciary by one to whom

14  a fiduciary duty is owed) (emphasis added).  As Plaintiffs do not oppose Defendants' contention that

15  the constructive fraud claim must be dismissed because no fiduciary relationship is asserted, the

16  court need not speculate on to represent and bind the principal.  *See* Cal. Civ. Code § 2295.

17  California law provides that an agency is either actual or

18  ostensible.  Cal. Civ. Code § 2298.  "An agency is actual when the agent is really employed by the

19  principal."  Cal. Civ. Code § 2299.  "An agency is ostensible when the principal intentionally, or by

20  want of ordinary care, causes a third person to believe another to be his agent who is not really

21  employed by him."  Cal. Civ. Code § 2300.  Because a mortgage loan broker is customarily retained

22  by a borrower, generally, a mortgage broker is the borrower's agent.  *See, e.g., Wyatt v. Union

23  Mortgage Co.*, 24 Cal. 3d 773, 782 (Cal. 1979).  The complaint fails to allege facts sufficient to

24  support an inference that Hogget was an agent of FFFC.

25      Plaintiff's fraud cause of action against Defendant's does not meet Rule 9's particularity

26  requirement and is DISMISSED, without

27  prejudice.  As the complaint is factually deficient, analysis of Defendants' statute of limitations

28  argument is unnecessary.

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

5

G:\docs\RGaumnitz\Orders to be signed\10cv1923.o.mtd.doc

PDF created with pdfFactory trial version www.pdffactory.com

**B. Second Cause of Action: Constructive Fraud**

The second cause of action is for constructive fraud. Constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or anyone claiming under him, by misleading another to his prejudice, or to the prejudice of anyone claiming under him**.**" *Engalla v. Permanente Medical Group, Inc*., 15 Cal. 4th 951, 981 n. 13 (Cal. 1997). "Constructive fraud allows conduct insufficient the meaning of the California Supreme Court's suggestion in *Engalla*. to constitute actual fraud to be treated as such where the parties stand in a fiduciary relationship." *Id.*

The complaint does not contain facts sufficient to allege that either FFFC, HLI, or MERS owed Plaintiff a fiduciary duty. "[A]bsent special circumstances...a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." *E.g. Oaks Management Corporation v. Superior Court* 145 Cal. App. 4th 453, 466 (Cal. Ct. App. 2006)**.** Plaintiffs' opposition does not dispute Defendants contention that the claim for constructive fraud should be dismissed because the complaint does not allege facts sufficient to support the existence of a fiduciary relationship between Plaintiffs and Defendants. The constructive fraud claim is DISMISSED, without prejudice.

**C. Third Cause of Action: Conspiracy to Defraud**

The third cause of action alleges conspiracy to defraud Plaintiffs**.** There is no stand alone cause of action for civil conspiracy recognized by California law. *E.g. Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal.4th 623, 632 (Cal. 2007). Allegations of conspiracy must be pled with particularity. Fed. R. Civ. P. 9(b). The conclusory allegations of conspiracy advanced in the complaint are insufficient under Rule 9(b). Plaintiffs' opposition does not suggest that the conspiracy claim is sufficient.

Plaintiffs' conspiracy claim is DISMISSED, without prejudice.

**D. Fourth Cause of Action: Negligence**

Plaintiff's fourth cause of action is for negligence against FFFC and LRI only. To prevail in an action for negligence, the plaintiff must demonstrate that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach proximately caused the plaintiff's

**ORDER RE MOTION TO DISMISS**
G:\docs\RGaumnitz\Orders to be signed\10cv1923.o.mtd.doc

PDF created with pdfFactory trial version www.pdffactory.com

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

1   injuries.  *E.g. Wiener v. Southcoast Childcare Centers, Inc.*, 32 Cal. 4th 1138, 1145 (2004).

2   As a general rule, a financial institution owes no duty of care to a borrower when the institution's

3   involvement in the loan transaction does not exceed the scope of its conventional role as

4   a mere lender of money.  *E.g. Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089,

5   1096 (Cal. Ct. App. 1991).

6          Plaintiffs contend that the complaint establishes that FFFC owed Plaintiffs a duty of care for

7   two reasons: (1) FFFC acted beyond the traditional scope of a mere lender; and (2) FFFC and

8   Plaintiffs were in a "special relationship" under the six-part test established in *Nymark*.  Id. at 1098.

9          Plaintiffs argue that FFFC acted beyond the traditional scope of a lender because FFFC

10   knowingly accepted an overstatement of Plaintiffs' income.  Plaintiffs cite no legal authority for this

11   proposition, and the complaint does not allege facts to support the allegation that FFFC had reason to

12   know that Plaintiffs' loan application contained false information.  Further, accepting Plaintiffs'

13   vague, conclusory allegation as true, the complaint is deficient because it fails to allege how FFFC's

14   acceptance of the income figures *Plaintiffs* provided in their loan application could possibly be the

15   proximate cause of any injury to Plaintiffs.  Plaintiffs' invocation of the six-part *Nymark* test is

16   predicated on Plaintiffs' contentions that Defendants forced Plaintiffs into the subject loan, which

17   knowingly placed Plaintiffs into a loan that was destined to fail, and "fraudulently enticed

18    [Plaintiffs] to enter into a loan Defendants knew they could not repay."  (Opposition at 7).  In

19   *Nymark*, the California Supreme Court suggested that where a lender intends to induce a prospective

20   borrower into a loan by obtaining an appraisal of the borrower's property, or to assure the borrower

21   that her collateral is sound, a duty of care may be imposed.  231 Cal. App. 3d at 1096.  Assuming

22   *arguendo* that the conduct Plaintiffs complain of can support a special relationship under *Nymark*,

23   the complaint's conclusory allegations of fraud, conspiracy, and agency are insufficient to

24   properly allege any such conduct on behalf of FFFC.  Plaintiffs' negligence claim is DISMISSED,

25   without prejudice.

26   **E. Fifth Cause of Action: UCL Claims**

27          The fifth cause of action asserted in the complaint is for violation of California's Unfair

28   Competition Law (UCL).

**ORDER RE MOTION TO DISMISS**

G:\docs\RGaumnitz\Orders to be signed\10cv1923.o.mtd.doc

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

PDF created with pdfFactory trial version www.pdffactory.com

1     Plaintiffs' opposition asserts the following basis for the UCL claim: (1) Defendants violated

2 the law by acting negligently, breaching their fiduciary duty, and engaging in fraud; (2) Defendants'

3 agent, Hoggett, engaged in a scheme designed to deceive the public by assuring borrowers that the

4 loans he was extending were the "best available on the market."  (Opposition at 11).  The

5 complaint does not contain the factual allegations necessary to sustain any of the purported bases for

6 Plaintiffs UCL claim against either FFFC, HLS, or MERS.  Plaintiffs' UCL claim is DISMISSED,

7 without prejudice.

8 **F. Sixth Cause of Action: California Civil Code section 2923.5**

9     Plaintiffs' sixth cause of action is for violation of California Civil Code section 2923.5.  The

10 basis for Plaintiffs'' claim is that "Plaintiffs were never contacted...to assess their financial situation

11 and explore options to avoid foreclosure prior to the date of the Notice of Default's filing."

12 (Opposition at 12).  However, the complaint fails to allege that a notice of default was issued.

13 Plaintiffs' claim under section 2923.5 is DISMISSED, without prejudice.

14 **G. Seventh Cause of Action: TILA**

15     The seventh cause of action asserts violations of TILA.  Plaintiffs opposition does not contest

16 Defendants' contention that Plaintiffs' TILA claims must be dismissed because, among other

17 alleged deficiencies, the claims are time-barred.  The absence of opposition justifies the inference the

18 claim is without merit.  Plaintiffs' TILA claims are DISMISSED, without prejudice.

19 **H. Eighth Cause of Action: RESPA**

20     The eighth cause of action asserts violations of RESPA.  Plaintiffs' opposition does not

21 contest Defendants' contention that Plaintiffs' RESPA claims must be dismissed because, among

22 other alleged deficiencies, the claims are time-barred.  Plaintiffs' RESPA claims are DISMISSED,

23 without prejudice.

24 ///

25 ///

26 **I. Ninth Cause of Action: Rescission and Restitution**

27     The ninth cause of action asserts claims for rescission and restitution.  Plaintiff must offer to

28 tender the unpaid loan balance.  Plaintiffs' opposition does not contest Defendants' contention that

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

8

**ORDER RE MOTION TO DISMISS**

PDF created with pdfFactory trial version www.pdffactory.com

1  Plaintiffs' claims must be dismissed because, among other alleged deficiencies, the claims are time-

2  barred.

3        Plaintiffs' rescission and restitution claims are DISMISSED,

4  without prejudice.

5  **J. Tenth Cause of Action: Injunctive and Declaratory Relief**

6        The basis for Plaintiffs' tenth cause of action is the discredited legal theory that only the

7  holder of the note may initiate a foreclosure action.  (Comp. at 30-32).  The complaint

8  advances no cognizable legal theory sufficient to support any claim for declaratory or injunctive

9  relief.  The tenth cause of action is DISMISSED, without prejudice.

10                          **ORDER**

11        For reasons stated, IT IS HEREBY ORDERED:

12        1) Plaintiffs' complaint is DISMISSED in its entirety, without prejudice;

13        2) Defendants' Motion to Strike (Doc. 9) is MOOT;

14        3) Plaintiff shall file an amended complaint within fifteen (15) days of service of the

   Memorandum Decision.  Defendants shall filed a response within ten (10) days of service of the

16  amended complaint; and

17        4) Defendants shall submit a form of order consistent with this Memorandum Decision

18  within five (5) days following electronic service of this decision.

19

20        IT IS SO ORDERED.

21

22        Dated: January 20, 2011          /s/ OLIVER W. WANGER
                                          United States District Court Judge

23

24

25

26

27

28

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

**ORDER RE MOTION TO DISMISS**

G:\docs\RGaumnitz\Orders to be signed\10cv1923.o.mtd.doc

PDF created with pdfFactory trial version www.pdffactory.com