Stuart B. Wolfe (SBN 156471)
Kimberly A. Paese (SBN 258594)
kapaese@wolfewyman.com
WOLFE & WYMAN LLP
2175 N. California Blvd., Suite 645
Walnut Creek, California 94596-3502
Telephone:  (925) 280-0004
Facsimile:   (925) 280-0005

Attorneys for Defendants
FIRST FRANKLIN FINANCIAL CORPORATION;
HOME LOAN SERVICES, INC. (sued erroneously as
"Home Loan, Inc. dba First Franklin Loan Services"); and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| CHAD DILLON SANDRY and MELANIE ELIZABETH SEASHOLTZ,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST FRANKLIN FINANCIAL CORP., an operational subsidiary of MLB & T Co., FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; HOME LOAN, INC., dba FIRST FRANKLIN LOAN SERVICES; LOAN REVIEW INCORPORATED; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.: 1:10-cv-01923-OWW-SKO<br><br>Assigned to the Honorable Oliver W. Wanger<br><br>**ORDER RE MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT BY DEFENDANTS FIRST FRANKLIN FINANCIAL CORPORATION, HOME LOAN SERVICES, INC. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**<br><br>Date:    February 14, 2011<br>Time:    10:00 a.m.<br>Ctrm:    3 |

The Motion to Dismiss by defendants FIRST FRANKLIN FINANCIAL CORPORATION, HOME LOAN SERVICES, INC. (sued erroneously as "Home Loan, Inc. dba First Franklin Loan Services"), and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (collectively hereinafter as "Defendants") the Complaint filed by Plaintiffs CHAD DILLON SANDRY and MELANIE ELIZABETH SEASHLOTZ ("Plaintiffs") came on regularly for hearing on February 14, 2011, at 10:00 a.m., in Courtroom 3 of the above-entitled Court.  All appearances are noted on the record.

///

PDF created with pdfFactory trial version www.pdffactory.com

The Court, having read and considered the moving and opposing papers filed in this matter, as well as the oral argument of counsel, being fully advised, and good cause appearing, finds as follows:

## I. INTRODUCTION

Plaintiffs Chad Dillon Sandry and Melanie E. Seasholtz ("Plaintiffs") proceed with an action for damages and injunctive relief. On December 28, 2010, Plaintiffs filed a first amended complaint ("FAC").

Defendants First Franklin Financial Corp., Home Loan Services, Inc., and Mortgage Electronic Registration Systems, Inc. ("Defendants") filed a motion to dismiss the FAC on January 7, 2011. (Doc. 20). Defendants also filed a motion to strike portions of the FAC. (Doc. 22).

Plaintiffs filed opposition to Defendants' motions on February 1, 2011. (Docs. 29, 30). Defendants filed a reply on March 14, 2011. (Docs. 14, 15).

## II. FACTUAL BACKGROUND

This action arises out of a loan Plaintiffs obtained for the purchase of their home in or about 2007 ("subject loan"). Plaintiffs first met with David Hoggett ("Hoggett"), an employee of Loan Review. Hoggett told Plaintiff's he would get "the best possible" loan for them. Hoggett submitted a loan application to First Franklin. The loan application overstated the value of the property by $95,000.00; Plaintiffs were not aware of this falsification. The actual value of the property was insufficient to qualify for the loan.

Plaintiffs allege that First Franklin and Loan Review had an agreement in place whereby First Franklin would accept loans containing knowingly false information. Plaintiffs further allege that Loan Review held itself out as First Franklin's agent, and that First Franklin paid Loan Review for leading Plaintiff's into a loan they did not qualify for. Loan Review told Plaintiffs that it "dealt directly with First Franklin and they would fund or approve the loan due to the relationship with First Franklin."

Plaintiffs allege that Defendants never explained the full terms of their loan, including but not limited to the interest rate, how the rate would be calculated, what the payment schedule would be, the risks and disadvantages of the loan, prepayment penalties, and other information. Plaintiffs

PDF created with pdfFactory trial version www.pdffactory.com

were rushed into signing the documents.  Defendants failed to disclose that the loan was designed to guarantee negative amortization if Plaintiffs followed the payment schedule.

### III.   LEGAL STANDARD

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).  Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*.  Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).  Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S. Ct. at 1950.  A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion

PDF created with pdfFactory trial version www.pdffactory.com

for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## IV.   DISCUSSION

**A.   First Cause of Action: Deceit**

Plaintiffs' first cause of action asserts a claim under California Civil Code section 1572 for "deceit." Section 1572 defines fraud, but it does not create a cause of action; rather California Civil Code section 1709 creates liability for fraudulent deceit. Cal. Civ. Code § 1709. The FAC's first cause of action mirrors the allegations of the original complaint's first cause of action for fraud. The memorandum decision dismissing the fraud claim pled in Plaintiffs' original complaint provides in part:

> Federal Rule of Civil Procedure 9(b) imposes an elevated pleading standard with respect to fraud claims..."To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted). Allegations of fraud must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Id.* (internal quotation marks omitted). The "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted). A plaintiff alleging fraud "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The complaint fails to satisfy Rule 9(b)'s particularity requirement. The only allegations contained in the complaint that approach compliance with Rule 9 concern allegedly false representations made by Hogget, however, the complaint does not contain sufficient factual allegations to permit Hogget's statements to be attributed to Defendants.

(Doc. 17 at 5).

Rule 9(b) applies to claims that "sound in fraud" or are "grounded in fraud." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009). Plaintiffs' claim for deceit is indisputably subject to Rule 9(b), as it is based on an allegation of actual fraud. The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable

reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (Cal. 1996). The memorandum decision dismissing Plaintiffs' original complaint advised Plaintiffs that allegations of fraud must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *E.g., Swartz*, 476 F.3d at 764. The only individual identified in the FAC who made false statements is Hoggett. The FAC alleges Hoggett made the following misrepresentations: 1) Hoggett "informed Plaintiffs that he would get the 'best possible' loan for them;" and 2) "Hoggett, submitted a loan application to First Franklin containing information both knew was false."

Hoggett's statement that he would get Plaintiffs "the best loan possible," is not an actionable misrepresentation as currently pled. Expressions of opinion are not generally treated as representations of fact, and thus are not grounds for a misrepresentation cause of action. *E.g., Gentry v. Ebay, Inc.*, 99 Cal. App. 4th 816, 835 (Cal. Ct. App. 2004); *see also Vega v. Jones, Day, Reavis & Pogue*, 121 Cal. App. 4th 282, 291 (Cal. Ct. App. 2004) (citation omitted) ("While expressions of professional opinion are sometimes treated as representations of fact, a 'casual expression of belief' is not similarly treated"). Hoggett's alleged statement about which loan would be "best" for Plaintiffs constitutes a representation of subjective value, an opinion, not a fact. *See Neu-Visions Sports v. Soren/McAdam/Bartells*, 86 Cal. App. 4th 303, 308 (Cal. Ct. App. 2003) ("Representations of value are opinions."). Even assuming arguendo Hoggett's statement of opinion is actionable, Plaintiffs do not plead justifiable reliance on Hoggett's statement or damages resulting from such reliance.

As to the "false information" submitted in Plaintiffs' loan application, Plaintiffs do not identify what information was false that Plaintiffs justifiably relied on or how Plaintiffs were harmed. Nor are their facts alleged in the complaint sufficient to raise an inference that Defendants intended to induce Plaintiffs to accept the subject loan by making the alleged false statements contained in the loan application. *See* Cal. Civ. Code § 1709 ("One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers"). As the complaint continues to be factually deficient, analysis of Defendants' statute of limitations and agency arguments is unnecessary. Plaintiffs' first cause of action

is DISMISSED, with prejudice.

**B. Third Cause of Action: Negligence**

The third cause of action asserts negligence against First Franklin and Loan Review. To prove negligence, it must be demonstrated that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injuries. *E.g. Wiener v. Southcoast Childcare Centers, Inc.*, 32 Cal. 4th 1138, 1145 (2004). As previously noted in the dismissal of the negligence claim in Plaintiffs' original complaint, a financial institution generally owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. *E.g. Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (Cal. Ct. App. 1991).

Plaintiffs allege that Defendants acted beyond the role of a traditional lender by committing various wrongful acts. Assuming *arguendo* that Plaintiffs' allegations are sufficient to establish that Defendants owed Plaintiffs a duty of care and breached such duty, the complaint fails to allege that Defendants' breach proximately caused Plaintiffs any damages. The complaint references the "possibility of the loss of [Plaintiffs'] family residence," however, this speculative future injury was not actuated. The complaint does not allege facts sufficient to establish how Defendants caused Plaintiffs any damages.

As the complaint is factually deficient, analysis of Defendants' statute of limitations and agency arguments is unnecessary. Plaintiff's third cause of action is DISMISSED, without prejudice.

**C. Fifth Cause of Action: California's Unfair Competition Law**

Plaintiffs' fifth cause of action asserts claims under California Business and Professions Code § 17200 *et seq.*, California's Unfair Competition Law ("UCL"). The memorandum decision dismissing the UCL claim pled in Plaintiffs' original complaint provides:

> The fifth cause of action asserted in the complaint is for violation of California's Unfair Competition Law (UCL). Plaintiffs' opposition asserts the following basis for the UCL claim: (1) Defendants violated the law by acting negligently, breaching their fiduciary duty, and engaging in fraud; (2) Defendants' agent, Hoggett, engaged in a scheme designed to deceive the public by assuring borrowers that the loans he was extending were the "best available on the market." (Opposition at 11). The complaint does not contain the factual allegations necessary to sustain any of the purported bases for Plaintiffs UCL claim.

(Doc. 17 at 9). The FAC suffers from the same deficiency. Plaintiffs' UCL claim is predicated in part on Plaintiffs' allegation of fraud, however, the FAC does not properly allege a claim for fraud for the reasons set forth above. Plaintiffs' negligence claim is also insufficient to support a UCL claim, as the complaint does not allege damages proximately caused by any of the Defendants actions. Under the UCL, standing extends only to "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." *E.g., Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (Cal. 2011) (citation omitted).

**D. Remaining Claims**

Plaintiffs' remaining causes of action for civil conspiracy and declaratory relief do not provide independent basis for relief. Both causes of action are derivative of Plaintiffs' underlying substantive claims, none of which remain.

**E. Remand**

The FAC does not assert any federal claims, and Plaintiffs made no attempt to amend the deficient federal claims pled in the original complaint. As there are no federal claims remaining in this action, remand is appropriate under 28 U.S.C. § 1367, as there is no federal interest to justify the intervention of a federal court.

**ORDER**

For reasons stated, IT IS ORDERED:

1) Plaintiffs' complaint is DISMISSED in its entirety, without prejudice;

2) Defendants' Motion to Strike (Doc. 22) is MOOT;

3) Plaintiff's action is REMANDED to the State Court.


IT IS SO ORDERED.

Dated: May 4, 2011                    /s/ OLIVER W. WANGER
                                      UNITED STATES DISTRICT COURT JUDGE

**ORDER RE MOTION TO DISMISS**
G:\docs\RGaumnitz\Orders to be signed\10cv1923.Order.on.MTD.doc

PDF created with pdfFactory trial version www.pdffactory.com